UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOME QUARTERS REAL ESTATE
GROUP, LLC,

                  Plaintiff,    CIVIL CASE NO. 07-12090

v.

MICHIGAN DATA EXCHANGE, INC.    HONORABLE STEPHEN J. MURPHY, III
d/b/a MIREALSOURCE, and
REALCOMP II, LTD.,

                  Defendants.
_____/

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In this case, the plaintiff Home Quarters Real Estate Group, LLC is bringing both federal and state antitrust claims against the defendants. The plaintiff alleges violations of the federal Sherman Act, 15 U.S.C. § 1, and the state Michigan Antitrust Reform Act ("MARA"), M.C.L. § 445.771. On September 17, 2007, the defendant Realcomp II, Ltd. ("Realcomp") filed a motion to dismiss the second amended complaint. The motion was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation.

On June 18, 2008, the magistrate judge issued his Report and Recommendation, recommending that the motion to dismiss be denied. The magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The defendant Realcomp filed timely objections. For the reasons stated below, the Court overrules the defendant's objections and adopts the magistrate judge's Report and Recommendation.

The Court's standard of review for a magistrate judge's Report and

Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). In this case, the defendant has filed objections to the magistrate judge's Report and Recommendation. Accordingly, the Court has conducted a de novo review of the record.

The parties agree on the relevant legal standard and that the United States Supreme Court case of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 549 (2007) governs the disputed issue in this case. In *Twombly*, the Court considered the question of what a plaintiff must plead in a Sherman Act case in order to survive a motion to dismiss. In his Report and Recommendation, the magistrate judge found that the plaintiff had satisfied the rule in *Twombly* and had made sufficient pleadings to overcome a Rule 12(b)(6) motion to dismiss. The defendant objected, arguing that the plaintiff had failed to sufficiently plead a plausible claim of conspiracy and failed to sufficiently plead that the defendant Realcomp acted as a combination.

The Court finds that the defendant's first objection should be overruled. The defendant argues that the plaintiff has only pled parallel conduct, and that this fails to amount to a plausible claim of conspiracy. While the defendant is correct to note that under

*Twombly*, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice," *Id.* at 556, the Court finds that the plaintiff has made additional allegations to "nudge" its claims "across the line from conceivable to plausible." *Id.* at 570. In addition to the allegation of parallel conduct, the plaintiff has asserted that the defendants are comprised of the plaintiff's competitors, have overlapping memberships, operate in the same geographic region, and took action within 24 hours of one another. All of these allegations, taken as true, "suggest that an agreement was made." *Id.* at 556. Consequently, the plaintiff has made sufficient allegations for its conspiracy claim in order to overcome a motion to dismiss under Rule 12(b)(6).

The defendant's second objection should also be overruled. Taking all of the plaintiff's allegations as true, the plaintiff has sufficiently alleged that the defendant Realcomp acted as a combination to restrain trade. The plaintiff has alleged in Paragraph 51 of the Second Amended Complaint that the defendant Realcomp had acted as a combination. As mentioned above, the plaintiff has also alleged that there was a temporal proximity. In addition, the Court finds that the defendant Realcomp is a combination as it is a Multiple Listing Service. *See United States v. Realty Multi-List, Inc.*, 629 F.2d 1351 (5th Cir. 1980). For these reasons, the Court concludes that the plaintiff has made sufficient allegations for its claim that the defendant Realcomp acted as a combination in order to overcome a motion to dismiss under Rule 12(b)(6).

Accordingly, after having reviewed the magistrate judge's Report and Recommendation, the defendant's objections, and the applicable portions of the record,

**IT IS HEREBY ORDERED** that the defendant's objections [docket entry #40] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #39] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss the second amended complaint [docket entry #26] is **DENIED**.

**SO ORDERED.**


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  February 5, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager