UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOME QUARTERS REAL ESTATE
GROUP, LLC,

       Plaintiff,

v.

MICHIGAN DATA EXCHANGE, INC, d/b/a
MIREALSOURCE, et al.,

       Defendants.
                                        /

Case No. 2:07-cv-12090

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**
**COUNT I AND COUNT III OF MIREALSOURCE'S COUNTERCLAIM (docket no. 60)**

       This is an antitrust suit by Home Quarters Real Estate Group, LLC ("Home Quarters") against defendants real estate broker trade associations Michigan Data Exchange, Inc., d/b/a MiRealSource ("MiRealSource") and Realcomp II, Ltd. ("Realcomp"). The defendants provide multiple listing services ("MLS") for residential properties in southeast Michigan. Home Quarters asserts that the defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Michigan Antitrust Reform Act, M.C.L. 445.771 *et seq.*, when they allegedly subjected Home Quarters to a horizontal boycott as part of defendants' concerted efforts to stifle price competition for real estate brokerage services in southeast Michigan. Home Quarters specifically alleges that the defendants conspired to interfere with Home Quarters' access to the multiple listing services controlled by the defendants and that the defendants thereafter implemented new policies to interfere with Home Quarters' ability to offer discount real estate brokerage services.

       Defendant MiRealSource has asserted three counterclaims against Home Quarters. Count I is a breach of contract claim asserting that Home Quarters violated MiRealSource's

"governing documents" by accessing and distributing MLS information in contravention of MiRealSource's rules. Count III asserts a claim against Home Quarters under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, alleging that Home Quarters "improperly exceeded its authorized access to MiRealSource's computers with the intention of defrauding MiRealSource and distributing [MLS information] to its clients in violation of the Governing Documents." Counterclaim, ¶¶ 38-48.

Home Quarters has now moved to dismiss Count I and Count III of MiRealSource's counterclaim. For the reasons stated below, the Court will grant Home Quarters' motion to dismiss Count I and III of the counterclaim.

## FACTS

MiRealSource is a corporation that provides a multiple listing service (MLS) for residential properties located in southeast Michigan. Counterclaim, ¶¶ 3, 5. An MLS is a cooperative venture by real estate brokers to list their properties and exchange data regarding properties for sale. Second Amended Complaint ¶ 7. Participating realtors provide property listings to the MLS and in turn are able to search MLS listings provided by other realtors. *Id.* Every real estate broker and agent in southeastern Michigan is a member of or subscriber to at least one MLS. *Id.*

Home Quarters' business model was as follows: Prospective buyers were invited to visit the Home Quarters' website and engage Home Quarters as a realtor. If a prospective buyer chose to engage Home Quarters, he or she entered into an agreement and became a buying client and agreed to the Home Quarters terms of use. Second Amended Complaint ¶ 9. Home Quarters then permitted the buying client to access Home Quarters' private, password protected website to search a restricted range of MLS-listed homes based upon client-specified criteria. *Id.* The client would contact Home Quarters if he or

she wanted to see a specific house, and Home Quarters would arrange for a showing. Second Amended Complaint ¶ 10. Home Quarters also offered discounted commissions to its customers. Second Amended Complaint ¶ 14. Home Quarters alleges that the realtor members of defendants felt threatened by Home Quarters' innovative business model and acted in concert to restrain trade by and ultimately put Home Quarters out of business by shutting off Home Quarters access to their respective MLS's. *Id.* ¶¶ 15, 26.

In its counterclaim, MiRealSource alleges that it has Rules and Regulations regarding the MLS, and that these Rules and Regulations, the MiRealSource Bylaws, its Policies and Procedures and all other agreement between MiRealSource and Home Quarters constitute the "Governing Documents" of Home Quarter's membership in MiRealSource and its participation in the MLS, and Home Quarters agreed to be bound by these Governing Documents. Counterclaim, ¶ 6. The counterclaim alleges that Home Quarters breached the Governing Documents by advertising the listing of other brokers without the written consent of those brokers, unreasonably distributing MLS information by repackaging and reselling the listing information to the general public, improperly distributing listing information by copying listing information off the MLS and pasting that listing information directly into its own website, posting outdated and non-current listing to its website, and improperly obtaining and disclosing listing information. Counterclaim, ¶ 23. The counterclaim also alleges that Home Quarters failed to identify the numbers of brokers and affiliates operating under the Home Quarters name and failed to pay charges owed to MiRealSource. Counterclaim, ¶¶ 25-26.

In Count I of the counterclaim, entitled "Breach of Contract - Improper Access/Improper Disclosure of Listing Information," MiRealSource alleges that it had a valid and binding agreement with Home Quarters under which Home Quarters agreed that it

would not disclose listing information except as provided in the Governing Documents, that Home Quarters disclosed listing information in violation of the Governing Documents, that MiRealSource has satisfied all of its contractual obligations to home Quarters, and that MiRealSource has been damaged by Home Quarters' breach. Counterclaim, ¶¶ 27-31.

In Count III of the counterclaim, entitled "Violation of the Computer Fraud and Abuse Act," MiRealSource alleges that Home Quarters "exceeded its authorized access to MiRealSource's computers with the intention of defrauding MiRealSource and improperly distributing Listing Information to its clients in violation of the Governing Documents," and, without authorization, caused the transmission of Listing Information. Counterclaim, ¶¶ 44, 45. MiRealSource also alleges on information and belief that Home Quarters improperly caused certain listing information to be removed from MiRealSource's secure computer network and to be placed on Home Quarters' insecure computer network and, as a result, placed MiRealSource's confidential and proprietary listing information in a less secure position. Counterclaim, ¶ 46. MiRealSource also alleges on information and belief that Home Quarters intentionally exceeded its authorized access to MiRealSource's secure computer network and improperly took listing information from a protected computer with the intent to distribute the listing information. Counterclaim, ¶ 47. MiRealSource seeks an order declaring Home Quarters in breach of its agreements and in violation of the Computer Fraud and Abuse Act and seeks damages costs and fees.

## PROCEDURAL POSTURE

Home Quarters had originally filed suit against the defendants in 2003. The suit was voluntarily dismissed by the stipulation of the parties and was refiled in 2007. Plaintiff's state law antitrust claims were dismissed by the Court without prejudice but were

subsequently reinstated on the grounds that the Michigan antitrust laws are identical to the federal laws upon which they are based.

In lieu of answering, defendant MiRealSource filed a motion to compel arbitration which was referred to Magistrate Judge Whalen. Magistrate Judge Whalen issued an opinion and order on October 12, 2007 denying MiRealSource's motion to compel on the grounds that Home Quarter's antitrust claims fall outside the scope of the agreements to arbitrate contained in the National Association of Realtors manual. (D/E 31). MiRealSource's objections to this order were overruled by this Court on February 5, 2009. (D/E 44). In lieu of answering, Defendant RealComp filed a motion to dismiss plaintiff's second amended complaint, arguing that the plaintiff had failed to plead any agreement between itself and RealComp giving rise to any antitrust claim and that plaintiff had failed to provide sufficient factual detail regarding any alleged conspiracy between the defendants. (D/E 26) This motion was referred to Magistrate Judge Whalen, who issued a report and recommendation that the court deny the motion to dismiss. (D/E 39). This Court overruled RealComp's objections and adopted the report and recommendation on February 5, 2009. (D/E 45) Following these orders, MiRealSource answered the Second Amended Complaint and asserted the counterclaims that are at issue in Home Quarter's current motion to dismiss.

## LEGAL STANDARD

The plaintiff has moved to dismiss MiRealSource's counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The pleading of MiRealSource's contract and CFAA claims is governed by Rule 8 of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading claims for relief. Rule 8 does not require detailed factual allegations, but "demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.* Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (citing Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (other citation omitted). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 570). While all factual allegations in a complaint are to be taken as true, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* at 1949-50 (citing *Twombly*, 129 S.Ct. at 1955). When addressing motions to dismiss for failure to state a claim, the Court may "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Legal conclusions can provide the framework of a complaint, but must be supported by factual allegations. *Id.*

**ANALYSIS**

I.  Should the Breach of Contract Claim in Count I be dismissed on the grounds that MiRealSource has not sufficiently pled the element of damages?

Home Quarters argues that Count I of MiRealSource's counterclaim should be dismissed because it fails to sufficiently allege damages. Count I alleges MiRealSource and Home Quarters had a valid agreement that Home Quarters would not disclose listing information except as provided for in the governing documents, that Home Quarters did disclose that information, and that MiRealSource was damaged by the disclosure. Home Quarters argues that Count I of the counterclaim fails to state a claim for breach of contract because MiRealSource's counterclaim merely asserts that Home Quarters' breach damaged MiRealSource without articulating precisely how it was damaged. Plaintiff cites *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) for the proposition that "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." In response, MiRealSource points out that Home Quarters has not cited any authority for the proposition that merely alleging that the plaintiff was damaged by the breach is insufficient to plead a breach of contract case. MiRealSource also points out that Rule 8 simply requires a short plain statement of the grounds for relief.

  The Court agrees with Home Quarters that Count I of the counterclaim fails to state a sufficient claim for breach of contract under Michigan law. The elements of a claim for breach of contract under Michigan law are that a contract existed between the plaintiff and the defendant, that the contract was breached, and that the breach caused the plaintiff's damages. *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003) (applying Michigan law). Count I states that Home Quarters' alleged breach "damaged" MiRealSource but presents no facts supporting its claim for damages that would allow the counterclaim-defendant or the Court to identify what damages are claimed and whether such damages are legally permissible under Michigan law. This is the type of bare legal conclusion that was held insufficient to state a claim by the Supreme Court in *Iqbal* and *Twombly,* which require a claimant to plead facts supporting each material element of a claim in order to avoid dismissal. Because damages is an essential element of a breach of contract claim under Michigan law, a pleading that fails to supply factual allegations of damages is insufficient to state a claim for breach of contract under Michigan law. *Cf. Alan Custom Homes, Inc. v. Krol*, 256 Mich. App. 505, 512 (2003) (dismissing breach of contract claim where there was no evidence of damages resulting from breach); *Auto Indus. Suppliers Employee Stock Ownership Plan v. Snapp Systems, Inc.*, Slip Op. No. 03-cv-74357, 2009 WL 1470094 at *2 (E.D. Mich. May 26, 2009) (Cohn, J.) (summary judgment appropriate on breach of

contract claim where plaintiff failed to proffer evidence of damages, essential to stating breach of contract claim).

The Court will therefore grant Home Quarters' motion to dismiss Count I of the counterclaim.

II. Should Count III of the Counterclaim be dismissed because it is time-barred and does not adequately alleged the elements of a claim under the CFAA?

In Count III of the counterclaim, MiRealSource alleges that Home Quarters violated the Computer Fraud and Abuse Act ("CFAA") by exceeding its authorized access to MiRealSource's computers and improperly distributing information in violation of agreements between Home Quarters and MiRealSource. MiRealSource seeks an order declaring Home Quarters in breach of its agreements and in violation of the CFAA and seeks damages costs and fees. Home Quarters moves to dismiss Count III on the grounds that any claim under the CFAA is barred by the statute of limitations because the alleged damage was discovered more than two years prior to the date the counterclaim was filed.

Section 1030(g) of the CFAA provides a private right of action for violations of the CFAA. The same section of the statute also provides for a two-year statute of limitations for any private civil action under the CFAA:

> No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.

18 U.S.C. § 1030(g).

Home Quarters' allegedly improper distribution of MLS information is the act that MiRealSource claims violated the CFAA. MiRealSource states in its counterclaim that it discovered this conduct in late April 2003. Counterclaim, ¶ 22. MiRealSource's filed its counterclaim on February 25, 2009, almost four years after MiRealSource alleges it

8

discovered Home Quarters' violation. The counterclaim was therefore brought outside the two-year statute of limitations and is, on its face, time-barred.

MiRealSource argues that the counterclaim is not barred because it is in the nature of a setoff and arises from the same transaction that forms the basis for the plaintiff's claim. In support of this argument, MiRealSource cites *Cleveland Clinic Found. v. Humphrys*, 97 F.2d 849 (6th Cir. 1938), *cert. denied,* 305 U.S. 628 (1938).[1] In *Cleveland Clinic,* the Sixth Circuit held that the statute of limitations did not apply to an equitable claim for support asserted by the plaintiff against a trust created by her for the benefit of her daughter. *Id.* at 857. In reaching its decision that the statute of limitations was inapplicable, the *Cleveland Clinic* court relied upon the fact that the plaintiff's equitable lien there was *not* a set-off or a counterclaim, but was rather in the nature of an equitable defense, to which the statute of limitations did not apply. *Id.* The *Cleveland Clinic* court relied upon as its sole authority the case of *Bull v. United States,* a tax case that essentially held that the government cannot make inconsistent tax claims and then rely on the statute of limitations as a defense to a taxpayer that asserts payment as a defense to liability. *Bull v. United States*, 295 U.S. 247, 263 (1935).

The Court finds that the doctrine of equitable recoupment does not apply to prevent the application of the statute of limitations here. The doctrine of equitable recoupment is applicable only to defensive claims. See *Cleveland Clinic*, 97 F.2d at 857. The CFAA claim asserted by MiRealSource is not a claim for recoupment because it is not

---

[1] The Michigan case cited by MiRealSource, *Schwartz v. Coyne,* No. 232981, 2003 Mich. App. LEXIS 1035 (Mich. App. April 24, 2003) is inapplicable because *Schwartz* applies a Michigan statute that specifically provides that the statute of limitations in the Revised Judicature Act do not apply to counterclaims arising out of the same transaction as the initial claim. The statute of limitations contained in the Revised Judicature Act have no application to a CFAA claim.

defensive in that it does not operate to defend against or mitigate Home Quarter's antitrust claims. Instead, the CFAA claim asserted in Count III is an affirmative claim for relief. The Court can find no authority for applying the doctrine of equitable recoupment to a civil CFAA claim seeking damages. The Court concludes, therefore, that the rule of equitable recoupment does not apply in this case and that the CFAA claim in Count III is time-barred by 18 U.S.C. § 1030(g). Home Quarters' motion to dismiss Count III of the counterclaim will therefore be granted on this basis, and the Court will not reach Home Quarters' alternate argument that Count III of the counterclaim should be dismissed because MiRealSource has not adequately alleged the element of "damage" for purposes of asserting a claim under the CFAA.

## ORDER

For the reasons stated above, it is hereby **ORDERED** that plaintiff's motion to dismiss MiRealSource's counterclaim (docket no. 60) is **GRANTED**. Count I of MiRealSource's counterclaim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted and Count III of MiRealSource's counterclaim is **DISMISSED WITH PREJUDICE** because it is barred by the statute of limitations.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager